## PUNDERSON V. FANNING.

An offset which is compellable only in chancery, is a good consideration, of an agreement to pay interest.

ACTION on the case, declaring, that in January, A. D. 1786, he was indebted to        Phoenix of New York, the sum of £182 for goods he purchased for the defendant's use, and for which the defendant was to pay said Phoenix; that the defendant was indebted a further sum of £155 10s., for goods purchased for himself of said Phoenix, making in the whole £337 10s.; that the defendant obtained from said Phoenix, the plaintiff's note, for £182, sued it, got judgment and execution, and committed him to gaol upon it, upon which said Phoenix levied other executions upon the plaintiff, and imprisoned him thereon; that in March, A. D. 1786, the plaintiff recovered a judgment against the defendant for the sum of £337 10s. 4d., for which he had execution, and was about to levy it on the body of the defendant, which he had no way to pay, but by the plaintiff's offsetting the £182, for which he was imprisoned, towards it; and to induce the plaintiff to make said offset, in and by a certain writing, promised and engaged as follows, viz. whereas Ebenezer Punderson was imprisoned in March last, upon an execution in favor of        Phoenix, for £185, debt and cost, which it was my duty to have paid — I promise to pay him the interest of that sum annually, until he shall be released from his imprisonment on said Phoenix's other executions, which was occasioned by my debt, etc.

Plea in bar — That the defendant was taken in Norwich, upon the plaintiff's execution for £337 10s., and had no way to pay the debt, unless the plaintiff would offset said £185, for which he was imprisoned, and to induce the plaintiff to do that, and for no other cause said writing was given, and is void. Demurrer to the plea.

Judgment — That the plea is insufficient.

This action is brought on a written promise; the considera-tion is not an illegal one, nor an idle one; it is in consideration the plaintiff would make an offset, which the defendant had no way to enforce, but by suit in chancery.